The j'udgment of the court was pronounced by
Eustis, C. J.
The plaintiffs are judgment creditors of the defendant Ursine Schlatre, otherwise called Slaughter. The original debt, for which others were bound besides the judgment debtor, was reduced by receipts from the insolvent estates of the former to some $7600, on which interest had accumulated at ten per cent since 1838.
The object of this suit is to set aside a sale of the interest of Schlatre in the succession of his father, which it is alleged is simulated and fraudulent. This sale was made by Schlatre to the co-defendant, W. E. Edwards; and it is alleged was made for the purpose of defrauding the petitioners by preventing the collection of their judgment debts. 'It is charged that the share of Schlatre in the succession of his father, thus fraudulently conveyed to the plaintiffs’ detriment, was worth the sum of $30,000.
The defendant insists, in his answer, that the sale complained of in the petition, was legal and bond fide, and for a proper and valid consideration ; and that *137 the charge of fraud is false and malicious. The case, on the prayer of the defendant, was submitted to a jury, who found a verdict for the defendant. After an ineffectual application for .a new trial, the plaintiffs have appealed.
The arguments of counsel have been confined to the single point, whether the sale was of such a character as would authorise the court to set it aside and subject the property included in it to the plaintiffs judgments, as being made in fraud of their rights. The sale was by authentic act before the recorder of Iberville, and bears date the 29th of October, 1847. It purports to convey to W. E■ Edwards all the right, title, and interest of Ursine Schlatre to the succession of his deceased father. The consideration is declaredtjta be the sum of twenty-thousand dollars, the receipt of whieh is aclinowledgoÜjn the act.
On the day of the execution of this act it appears that an agreement was entered into between the parties, under private signature, in which, after reciting the contents of the act, and that, though the consideration of the sale is therein mentioned as being for cash, it states the real consideration to have been two promissory notes for $10,000 each, the first payable in March,'1848, and the second in March, 1849, drawn by Edwards to the order of Schlatre ; and it was further agreed, that if Edwards should realise and receive from the succession a sum exceeding twenty-three thousand dollars,-he should pay over one-hali the excess to Schlatre*■
■ On the 28th day of December, 1847, Edwards sold the share of Joseph Schlatre in the succession of his father, thus acquired by him, to the widow and co-heirs of the deceased for the sum of $26,000. One thousand dollars cash was received, and the balance, $25,000, bore interest from’date ; $7000 was payable in March following, and the balance, $18,000, in March, 1849. Of this total sum seven or eight thousand dollars, with the interest, remain due and unpaid.
The grounds upon which the charge of fraud is attempted to be supported, are, 1st, the relations between the parties defendant, Edwards having been the attorney at law of Schlatre ; 2dly, the act of sale of the rights of Schlatre in the succession of his father and the counter letter bearing the same date; and, 3dly, certain answers to interrogatories by Edwards, which were offered in evidence to the jury by the plaintiffs. One' of the plaintiffs’ judgments, which was for upwards of $10,000 with interest, was rendered by the late Court of the Third District, sitting in East Baton Rouge, on the 3d Of July, 1841. In this case Edwards was the attorney o-f record of the defendant. The other judgment was for nearly alike amount, and was rendered by the same court on the 27th of June, 1845. The case appears to have been tried ex parte; no counsel appearing for the defence. Edwards Was one of the attorneys of record of the defendant, and, as such, filed an answer for the defendant on the 5th of June, 1840.
It is admitted, however, that Edwards, whose residence is in the parish of Iberville, has not been practising law in the parish of East Baton Rouge for the last five or six years. Schlatre resides in the latter parish, and there is no evidence of any relations of business between the parties from the time of the suits above mentioned up to the' date of the act of sale, Which is sought to be set aside.
The fact of the public act of sale from Schlatre to Edwards not stating the true mode of payment of the price, and the reservation in the counter letter of a contingent interest in the ultimate result of the settlement of the succession, stipulated in it for the benefit of the vendor; and perhaps the very existence of a counter letter furnished grounds for suspecting the bona, Jides of the transaction. It is but an act of justice, however, to state that on the notice received by *138 Edwards from.the plaintiffs’ attorney, that the validity of the transfer from Schlatre would be attacked, the real character of the transaction, as afterwards disclosed in Edwards' answers to interrogatories, was promptly communicated, and a copy of the counter letter transmitted to the plaintiffs’ attorney.
But whatever inferences may have been drawn from the instruments themselves, there was evidence before the jury well calculated to control them. There does not appear to have been adduced on either side any circumstantial evidence, other than that of the relation Edwards bore to Schlatre, of having been formerly his attorney in the plaintiffs suit. So that the case rested mainly upon the instruments and what we shall next notice.
Certain proceedings were taken by the plaintiffs, in order to subject property alleged to belong to Schlatre, and to be in the hands of Edwards, to the payment of the judgments. Execution was taken out, and interrogatories were propounded to Edwards, who answered them. These answers were in evidence before the jury and are relied upon as sustaining the charge of fraud.
In these answers the respondent declares, that the true character of the transaction is contained in the counter letter; that the purchase was made by him in good faith and with the hope of gain, and without any intention of defrauding any one; that the notes mentioned in the counter letter were for the price of the purchase, and that they have been paid; that such was the understanding before the sale which was nominally for so much cash; that the purchase, on his part, was a speculation, and the motive assigned by Schlatre for making it, was one which it is not necessary to state; but of which no creditor could complain.
The plaintiffs themselves having put these answers before the jury, have placed before them, to say the least, prima facie evidence of the facts they disclose. The jury was bound to take the answers together, and to judge of their truth, as they should be or not in accordance with other facts established in the cause. Their verdict has been the result.
It is necessary to notice the reservation in the counter letter of one-half of any sum, the shai’e in the succession might nett above the sum of $23,000, which Edwards bound himself to pay over to Schlatre. This interest the creditors of Schlatre could have the benefit of. But it is charged in the petition that Edwards has sold his share in the succession, for which he has received some $20,000; butfor the balance unpaid of the price, he is in litigation with the widow and heirs of Joseph Schlatre, who were the purchasers.
This cause has been twice tried in the court below. A previous jury could not agree. There is nothing in the evidence which would authorise us in disturbing the present verdict.
The judgment of the district court is therefore affirmed, with costs.